# BERNITA IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BERNITA GREEN, *individually, and on behalf of others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> ATLAS SENIOR LIVING, LLC F/K/A SHEPHERD SENIOR LIVING, LLC, <br><br> Defendant. | Civil Action File No.: <br><br> _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Bernita Green, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), files this Complaint against Defendant Atlas Senior Living f/k/a Shepherd Senior Living, LLC (collectively, "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*. ("FLSA").

2. Plaintiff alleges that Defendant willfully violated the FLSA by failing to compensate her and other similarly situated hourly employees for all hours worked, including those in excess of 40 per week at the required overtime

premium rate, by automatically deducting meal periods from Plaintiff's and other similarly situated hourly employee's time records regardless of whether such employees were able to take a bona fide break during the automatically deducted meal periods.

3. The class that Plaintiff seeks to represent, and on behalf of whom she files this collective action, consists of all hourly-paid employees who worked for Defendant at Defendant's "Legacy at Savannah Quarters" Senior Living Center in Pooler, Georgia within the three years preceding the filing of this Complaint. (Plaintiff, and all others who consent to join this action are referred to collectively as "Plaintiffs.")

## JURISDICTION AND VENUE

4. Under 28 U.S.C. § 1331 this Court has jurisdiction over these claims because they raise questions of federal law.

5. Under 28 U.S.C. § 1391(b) and Local Rule 2.1(a) venue is proper in this division because at least one defendant resides in this division or a substantial part of the events or omissions giving rise to the claim occurred in this division.

6. Defendant is subject to personal jurisdiction in this Court because Defendant is authorized to conduct business in Georgia, conducts a substantial amount of business in Georgia, and has a registered agent in Georgia.

## PARTIES

7. Defendant Atlas Senior Living LLC is a Delaware Corporation with its principal office address located at 2700 Highway 280, Suite 210W, Birmingham, Alabama 35223.

8. Defendant may be served with process through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

9. Defendant operates senior living facilities in Alabama, Georgia, Kentucky, South Carolina, Mississippi, and Florida.

10. Defendant operates the Legacy at Savannah Quarters senior living facility in Pooler, Georgia.

11. Plaintiff worked for Defendant as an hourly-paid Medical Technician at the Legacy at Savannah Quarters senior living facility within the three years preceding the filing of this Complaint.

12. Plaintiff consents in writing to join this action under 29 U.S.C. § 216(b). (*See* Exhibit 1.)

13. Other similarly situated individuals are interested in joining this action. For example, Chiquita Brown, Marsha Grant, Kiara Hartwell, Brittany Mitchell, Tameka Sibert, and Tawanya Richards have consented to join this action as party plaintiffs. (*See* Exhibits 2-7.)

## DEFENDANT IS COVERED BY THE FLSA

14. In each of the three years preceding the filing of this Complaint, Defendant's annual gross sales or business done exceeds $500,000.

15. Defendant is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

16. Defendant employs two or more individuals who engage in commerce, the production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that were moved in, or produced for commerce.

17. For example, Defendant's employees regularly communicate across state lines using the internet, interstate mail, and telephone while performing their job duties.

18. Defendant's employees regularly handle and use materials that traveled through interstate commerce while performing their job duties, such as computers, telephones, fax machines, cleaning supplies, and food and beverage supplies.

## DEFENDANT EMPLOYED THE PLAINTIFFS

19. Defendant employed Plaintiffs within the meaning of the FLSA.

20. Defendant determined the employment policies and practices

applicable to Plaintiffs.

21. Defendant had the authority to modify the employment policies and practices applicable to Plaintiffs.

22. Defendant determined how much, and in what manner, Plaintiffs were paid.

23. Defendant determined the number of hours Plaintiffs worked each workweek.

24. Defendant maintained Plaintiffs' employment records, such as time and pay records.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIMS**

25. Defendant pays Plaintiffs on an hourly basis.

26. For example, Defendant paid Plaintiff Green at a rate of $14.50 per hour.

27. Plaintiffs frequently work more than 40 hours per week.

28. When Plaintiffs work in excess of 40 hours per week, they are entitled to receive 1.5 times their regular rate for all hours worked over 40.

29. However, Defendant fails to pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per week.

30. Defendant has a policy of automatically deducting "meal periods"

from Plaintiffs' time records.

31. Defendant automatically deducts either a 30-minute or one-hour meal period from Plaintiffs' time records depending on the number of hours Plaintiffs work during each shift.

32. Defendant automatically deducts a 30-minute meal period from Plaintiffs' time records who work an eight-hour shift.

33. Defendant automatically deducts a one-hour meal period from Plaintiffs' time records who work a sixteen-hour shift.

34. Defendant automatically deducts time for meal periods from Plaintiffs' time records regardless of whether Plaintiffs are relieved from their duties during their meal period.

35. Plaintiffs are frequently unable to take a meal break and, instead work through their meal breaks.

36. Plaintiff Green estimates that she was able to take a meal break 1-2 times per week, though she was frequently unable to take a meal break at all.

37. Defendant knows that its employees frequently do not take meal breaks because Defendant observes them working through their meal breaks.

38. Despite knowing that Plaintiff Green and those similarly situated rarely take meal breaks, Defendant automatically deducts time for meal breaks

from Plaintiffs' time records.

39. Defendant fails to keep accurate records of Plaintiffs' hours worked in violation of the FLSA's recordkeeping requirement.

40. Defendant does not pay Plaintiffs for the time Plaintiffs spend working through their meal breaks.

41. Accordingly, Defendant willfully fails to pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per week.

42. Due to Defendant's willful violation of the FLSA, Plaintiffs are entitled to their unpaid wages, an equal amount in liquidated damages, and their attorneys' fees and costs.

**COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES**

43. Plaintiffs are non-exempt, hourly employees who are entitled to 1.5 times their regular hourly rates for all hours worked over 40 per week.

44. Plaintiffs frequently work more than 40 hours per week.

45. Defendant automatically deducts a 1-hour or 30-minute lunch break from Plaintiffs' time records despite knowing that Plaintiffs frequently do not take their meal breaks and instead continuing working for Defendant.

46. By automatically deducting meal breaks from Plaintiffs' pay each day, Defendant failed to pay Plaintiffs 1.5 times their regular hourly rates for all hours

worked over 40 per workweek.

47. Because Defendant willfully violated the FLSA, Plaintiffs are entitled to their unpaid overtime wages, an equal amount in liquidated damages, and their attorneys' fees and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that the Court:

I. Conditionally certify this case as a collective action under 29 U.S.C. § 216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II. Declare that Defendant's actions, policies, and practices violated, and continue to violate, the rights of Plaintiffs and others similarly situated under the FLSA;

III. Declare that Defendant's violations Plaintiffs' rights under the FLSA were willful;

IV. Award Plaintiffs and others similarly situated all unpaid wages for a period of three years;

V. Award Plaintiffs and others similarly situated liquidated damages in an amount equal to their unpaid wages;

VI. Award Plaintiffs and others similarly situated their reasonable

attorneys' fees, costs, and expenses; and

VII.   Award all other relief to which Plaintiffs and others similarly situated may be entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiffs requests a trial by jury under Fed. R. Civ. P. 38.

Respectfully submitted: August 20, 2021.

| | |
|---|---|
| **PARKS, CHESIN & WALBERT P.C.** | */s/ Andrew Y. Coffman* |
| 75 14th Street, N.E. | Andrew Y. Coffman |
| 26th Floor | Georgia Bar No. 173115 |
| Atlanta, Georgia 30309 | |
| T: 404-873-8000 | |
| F: 404-873-8050 | *Counsel for Plaintiffs* |
| acoffman@pcwlawfirm.com | |