IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BERNITA GREEN, Individually          )
and on behalf of others              )
similarly situated,                  )
                                     )
        Plaintiffs,                  )
                                     )
v.                                   )          CASE NO. CV421-237
                                     )
ATLAS SENIOR LIVING, LLC,            )
formerly known as Shepherd           )
Senior Living, LLC,                  )
                                     )
        Defendant.                   )
                                     )

## O R D E R

Before the Court is Plaintiffs'[1] Motion for Conditional

Certification of a Collective Action and Issuance of Court-

Approved Notice (Doc. 23), which Defendant Atlas Senior Living,

---

[1] Representative Plaintiff Bernita Green is the representative plaintiff who filed this action and the only active plaintiff listed on the Court's electronic filing system. (Doc. 1.) However, Chiquita Brown, Marsha Grant, Kiara Hartwell, Brittany Mitchell, Tameka Sibert, and Tawanya Richards (the "Named Plaintiffs") have filed consent forms to join this action as party plaintiffs. (Doc. 1, Attachs. 1-7.) The Eleventh Circuit has indicated that individuals "become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required." Mickles v. Country Club Inc., 887 F.3d 1270, 1278 (11th Cir. 2018) (citing Prickett v. DeKalb Cnty., 349 F.3d 1294, 1296 (11th Cir. 2003) (per curiam)). Accordingly, although the parties sometimes refer to Plaintiff in the singular, the Court will generally use the plural "Plaintiffs," which refers to Representative Plaintiff Bernita Green and the Named Plaintiffs collectively.

LLC ("Atlas") has opposed (Doc. 43). For the reasons explained below, Plaintiffs' motion (Doc. 23) is **DENIED.**[2]

## BACKGROUND

On August 20, 2021, Representative Plaintiff Bernita Green, individually and on behalf of others similarly situated, instituted this action seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). (Doc. 1 at ¶ 1.) According to the complaint, Green worked for Atlas as an hourly-paid medical technician at the Legacy at Savannah Quarters senior living facility ("Legacy"). (Id. at ¶ 11.) Green alleges that Atlas had a policy of automatically deducting either a 30-minute or one-hour meal period from its employees' time records, the length of the deduction being determined by the number of hours the employee worked during each shift. (Id. at ¶¶ 31-33.) Atlas allegedly made these deductions despite knowing that Green and other similarly

---

[2] Also before the Court is Atlas's Request for Oral Argument. (Doc. 48.) Atlas contends that oral argument would assist the Court in clarifying the issues raised in Plaintiffs' motion for conditional class certification and all subsequent briefing. (Id. at 1.) In the Court's opinion, the parties have fully briefed the issues relevant to Plaintiff's motion, including filing reply and sur-reply briefs. (Docs. 46, 49.) Additionally, the Court previously granted both parties extensions of time to brief the issues. (Docs. 33, 45.) Therefore, the Court finds that any oral argument would retread issues already adequately presented in the papers and unnecessarily delay resolution of Plaintiffs' motion. As a result, Atlas's request for oral argument (Doc. 48) is **DENIED.** See Rindfleisch v. Gentiva Health Servs., Inc., 962 F. Supp. 2d 1310, 1316 (N.D. Ga. 2013) (denying request for oral argument on motions for summary judgment after finding "parties [had] submitted sufficient briefing").

situated employees were frequently required to work through their meal breaks. (<u>Id.</u> at ¶¶ 37-38.) By deducting time when its employees did not take a meal break, Atlas allegedly failed to pay Green and other employees the overtime wages to which they were entitled under the FLSA. (<u>Id.</u> at ¶¶ 46-47.) Plaintiffs claim that other similarly situated individuals are interested in joining this action and indicate that Chiquita Brown, Marsha Grant, Kiara Hartwell, Brittany Mitchell, Tameka Sibert, and Tawanya Richards (the "Named Plaintiffs") have consented to join this action as party plaintiffs. (<u>Id.</u> at ¶ 13.)

On November 5, 2021, Plaintiffs moved the Court to conditionally certify the case as a collective action under 29 U.S.C. § 216(b) and create an opt-in class comprised of all hourly employees who worked for Atlas at Legacy from August 20, 2018, to the present. (Doc. 23 at 1.) Plaintiff also requests that the Court authorize the issuance of notice to all potential opt-in plaintiffs who worked for Atlas at Legacy from August 20, 2018, to the present. (<u>Id.</u> at 2.) In support of their motion, Plaintiffs provided the Court with the declarations of Green, Hartwell, and Sibert. (Doc. 23, Attachs. 2, 3, 4.) The declarants were employed as medical technicians for Legacy for varying lengths of time between 2018 and 2021. (Doc. 23, Attach. 2 at 1; Doc. 23, Attach. 3 at 1; Doc. 23, Attach. 4 at 1.) The declarants testified that their Atlas supervisors knew they frequently worked through meal

3

breaks without compensation. (Doc. 23, Attach. 2 at 2-3; Doc. 23, Attach. 3 at 2-3; Doc. 23, Attach. 4 at 2-3.)

On November 11, 2021, the parties submitted a proposed scheduling order which allowed the parties to conduct any discovery needed to support or oppose conditional class certification by February 14, 2022. (Doc. 26, Attach. 1 at 1.) The parties agreed that, if permitted, Atlas would respond to the motion for conditional certification on or before March 16, 2022. (Id. at 2.) The parties also agreed that all witness depositions would be taken prior to resolution of the conditional certification issue. (Id. at 1.) The Magistrate Judge allowed discovery to proceed on the conditional certification issue and set March 16, 2022, as the deadline for Atlas to respond to Plaintiffs' motion. (Doc. 27 at 2; Doc. 33.)

After conducting discovery, Atlas filed its response in opposition to Plaintiffs' motion. (Doc. 43.) Atlas provided the Court with the depositions of Representative Plaintiff Green and the Named Plaintiffs. (Doc. 42, Attachs. 1-7.) Atlas also submitted the declarations of several current and former Atlas employees as well as the declaration of David Goodwin, a senior product manager for Paycor, Inc., which provided payroll and timekeeping services for Atlas. (Doc. 42, Attachs. 11-19.) Atlas argues that the submitted testimony clearly demonstrates Plaintiffs' putative class is not comprised of "similarly situated" individuals, and

therefore, class certification should be denied. (Doc. 43 at 23-30.) Atlas also disputes whether Plaintiffs presented sufficient evidence to show that Atlas employees, other than Green and the Named Plaintiffs, desire to join the action. (Id. at 31-32.) Lastly, if the Court decides to certify a class, Atlas contends that notice should be provided only to hourly employees who worked in the nursing department at Legacy after August 2019, rather than all hourly employees. (Id. at 32-34.)

Subsequently, Plaintiffs filed a reply to Atlas's response (Doc. 46), to which Atlas filed a sur-reply (Doc. 49). Atlas attached to the sur-reply an additional affidavit of Mary Dampier, the business office coordinator at Legacy, to rebut Plaintiffs' characterization of Atlas's time-card recording practices. (Doc. 49, Attach. 1.) After carefully reviewing the parties' extensive briefing, depositions, and exhibits, the Court will now announce its ruling on Plaintiffs' motion for conditional class certification.

**ANALYSIS**

Atlas's opposition to class certification can be distilled into three main arguments: (1) because discovery has already been conducted in this case, the Court should apply a higher level of scrutiny to the question of conditional certification; (2) the evidence before the Court shows that Plaintiffs' putative class is not comprised of "similarly situated" individuals; and (3)

Plaintiffs failed to establish that other similarly situated employees wish to join the lawsuit.[3] (Doc. 43 at 19, 23, 31.) Plaintiffs contend that Atlas is incorrect on all three points. (Doc. 46 at 2, 7, 10-14.) The Court will first explain the legal standard applicable to Plaintiffs' motion before addressing whether Plaintiffs made the requisite showing to warrant certifying this case as a collective action.

I.   COLLECTIVE ACTIONS UNDER THE FLSA

Under Section 216 of the FLSA, an employee may maintain an action "for and in behalf of [herself] or themselves **and other employees similarly situated**" against an employer to recover unpaid overtime wages. 29 U.S.C. § 216(b) (emphasis added). "Unlike class actions under Federal Rule of Civil Procedure 23, '[p]articipants in a § 216(b) collective action must affirmatively opt into the suit.'" Brown v. 1888 Mills, LLC, 339 F.R.D. 692, 696 (N.D. Ga. 2021) (citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008)).

As in this case, plaintiffs in FLSA collective actions often move for a court to conditionally certify an "opt-in" class under § 216(b). Prospective class members may become party plaintiffs without any action by the Court; however, conditional class

---

[3] Atlas also objects to the scope of Plaintiffs' proposed notice to potential class members. (Doc. 43 at 32.) Because class certification is denied, it is not necessary for the Court to consider the propriety of Plaintiffs' proposed notice.

certification allows plaintiffs, or the court itself, to facilitate notice of the action to similarly situated employees. See Mickles v. Country Club Inc., 887 F.3d 1270, 1278 (11th Cir. 2018) ("[C]onditional certification is solely for notice purposes and does nothing to determine if a party becomes a plaintiff."); Reed v. Mobile Cnty. Sch. Sys., 246 F. Supp. 2d 1227, 1230 (S.D. Ala. 2003) ("While the FLSA allows the issuance of court-supervised notice to members of the conditional class, the court must first conditionally certify the class." (citations omitted)). Plaintiffs bear the burden of demonstrating the propriety of conditional certification. Anderson v. Cagle's, Inc., 488 F.3d 945, 952 (11th Cir. 2007) (citing Hipp, 252 F.3d at 1217).

The decision to certify a class under § 216(b) and facilitate notice remains within the discretion of the district court. See, e.g., Mickles, 887 F.3d at 1279 ("Decisions regarding conditional certification in an FLSA collective action are reviewed for an abuse of discretion."); Reed, 246 F. Supp. 2d at 1230-31, n.5. ("The decision to send notice to conditional class members likewise is committed to the district court's discretion." (citations omitted)); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." (citations omitted)). In exercising this discretion, the

7

Court must answer two questions: (i) are there other employees of the employer who wish to "opt-in" to the prospective class; and (ii) are these employees "similarly situated" within the meaning of § 216(b)? See Saxton v. Title Max of Ala., Inc., 431 F. Supp. 2d 1185, 1187 (N.D. Ala. 2006) (first citing Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991); and then citing Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1247-49 (11th Cir. 2003)). The Court will now address these questions in turn.

A. Other Employees Who Desire to Opt-In

In this case, six other individuals have already signed consent forms to join Representative Plaintiff Green in this lawsuit. (Doc. 1, Attachs. 2-7.) Accordingly, the Court finds that Plaintiffs have demonstrated that other potential plaintiffs may also wish to opt-in to the prospective class. See Broome v. CRST Malone, Inc., No. 2:19-cv-01917-MHH, 2022 WL 205675, at *2 (N.D. Ala. Jan. 21, 2022) (finding two other drivers consenting to join the action established that other employees desired to join the suit); Ledbetter v. Pruitt Corp., No. 5:05-CV-329(CAR), 2007 WL 496451, at *3 (M.D. Ga. Feb. 12, 2007) (accepting that other employees wished to join the suit where five potential opt-in plaintiffs had filed consents).

B. <u>HIPP'S TWO STAGE APPROACH TO THE SIMILARLY SITUATED INQUIRY</u>

Before conducting the similarly situated inquiry, the Court must first explain the level of scrutiny it will apply to this analysis. In <u>Hipp</u>, the Eleventh Circuit recommended, but did not mandate, that district courts follow a two-stage approach to the similarly situated inquiry. 252 F.3d at 1218-20. Utilizing the two-stage approach, courts apply a different level of scrutiny to the plaintiffs' prospective class depending on the stage of the proceeding.

> At the first stage, in response to a motion to conditionally certify made prior to discovery, the court utilizes a "fairly lenient" standard in recognition of the limited evidence then available. At the second stage, in response to a motion to decertify made after discovery, the court makes a more informed factual determination on the similarly situated issue.

<u>Reed</u>, 246 F. Supp. 2d at 1230 (citing <u>Hipp</u>, 252 F.3d at 1218). The reasoning supporting this approach is very simple. It is reasonable for the Court to require a lower burden of proof at the initial stage, which typically occurs prior to discovery and before plaintiffs have an opportunity to marshal their best evidence. <u>Pickering v. Lorillard Tobacco Co. Inc.</u>, No. 2:10-CV-633-WKW, 2012 WL 314691, at *9 (M.D. Ala. Jan. 30, 2012) (explaining the two-stage approach "envisions that the certification process will begin early in litigation prior to discovery and, thus, gives plaintiffs some leeway in proof at the initial stage"). At this first stage, it is sufficient for plaintiffs to rely on the

9

allegations in their complaint and their own affidavits to support a collective action. Id. at *6 (quoting Hipp, 252 F.3d at 1218) Then at the second stage, which typically occurs after discovery is largely complete, "the court has much more information on which to base its decision," and a more exacting level of scrutiny is utilized. Anderson, 488 F.3d at 953.

Having explained the recommended approach to the similarly situated inquiry and its undergirding rationale, the Court turns to the parties' dispute about the appropriate level of scrutiny to apply to Plaintiffs' motion. Highlighting that discovery has already been conducted in this case, Atlas urges the Court to employ the more exacting level of scrutiny normally reserved for motions to decertify. (Doc. 43 at 23.) Conversely, Plaintiffs argue that the Court should adhere to the recommended two-stage approach and apply the "fairly lenient" standard to its motion. (Doc. 46 at 3-5.) Plaintiffs argue that the taking of discovery is irrelevant because their certification motion was filed prior to discovery. (Id. at 4.) On this issue, the Court sides with Atlas.

District courts in the Eleventh Circuit faced with similar circumstances have found that the rationale supporting the Hipp two-stage approach is absent when a certification motion is filed after plaintiffs are afforded substantial discovery. See, e.g., Mason v. Atlanta Beverage Co., No. 1:17-CV-2293-TWT, 2018 WL 3655374, at *2 (N.D. Ga. Aug. 2, 2018) (utilizing "more searching

standard" after plaintiff had time to conduct discovery and explaining "[p]laintiff [would] not be permitted to rely only on the allegations in the Complaint"); Ide v. Neighborhood Rest. Partners, LLC., 32 F. Supp. 3d 1285, 1290-91 (N.D. Ga. 2014) ("[A]s Plaintiff was able to engage in more than eight months of discovery before filing her motion for conditional certification, the undersigned believes that a heightened standard of review is necessary."); Ledbetter v. Pruitt Corp., No. 5:05-CV-329(CAR), 2007 WL 496451, at *2 (M.D. Ga. Feb. 12, 2007) (employing heightened level of scrutiny post-discovery); Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004) (applying "more rigorous standard than that called for by Hipp" when plaintiff had time to conduct discovery and file supplemental evidence in support of their motion to facilitate class notification); White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1313 n.2 (M.D. Ala. 2002) (same).

Plaintiffs argue that these cases are distinguishable because they involved certification motions filed after discovery, whereas their motion was filed before discovery. (Doc. 46 at 4 (citing Pickering, 2012 WL 314691, at *8).) The Court finds that this is a distinction without a difference. The courts that have applied a more stringent standard have done so when plaintiffs had the opportunity to conduct discovery and present their evidence to the Court prior to a ruling on conditional certification. See Davis,

303 F. Supp. 2d at 1276 (explaining that the rationale for Hipp disappears "once plaintiffs have had an opportunity to conduct discovery with respect to defendant's policies and procedures" (citations omitted)). In accordance with their own proposed scheduling order, the parties in this case were afforded almost four months to conduct discovery related to Plaintiffs' motion for conditional certification.[4] (Doc. 26, Attach. 1 at 1; Doc. 27 at 2.) Following discovery, Atlas provided the Court with the depositions of Representative Plaintiff Green and the Named Plaintiffs as well as the declarations of several current and former Atlas employees. (Doc. 42, Attachs. 1–18.) Plaintiffs also had ample opportunity to conduct their own discovery and to submit additional evidence to rebut Atlas's evidence in their reply brief. Because Plaintiffs also had sufficient opportunity to participate in discovery and respond to Atlas's evidence, Plaintiffs' argument that the Court should ignore the entirety of Defendant's evidence solely because Plaintiffs' motion was filed prior to discovery is unavailing.

Furthermore, the evidence Atlas submitted is clearly relevant to the Court's determination of whether Plaintiffs' proposed class

---

[4] Despite Plaintiffs' attempt to frame the scheduling order as granting only Defendant the opportunity to take discovery (Doc. 46 at 4 n.4), it is clear from the agreement and the Magistrate Judge's order that both sides were given the opportunity to take discovery on the conditional certification issue. (Doc. 26, Attach. 1 at 1; Doc. 27 at 2.)

is comprised of similarly situated individuals. Rigid adherence to
Hipp in this circumstance would potentially result in the Court
granting Plaintiffs' motion for conditional certification despite
already possessing evidence which would require it to grant a
motion for decertification. Such a result would not square with a
primary purpose of the FLSA's opt-in procedure, which "reflects a
policy in favor of judicial economy[.]" White, 204 F. Supp. 2d at
1313 (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165,
170, 110 S. Ct. 482, 486, 107 L. Ed. 2d 480 (1989)). Notably, the
Fifth Circuit, which originally announced the two-step process
recommended in Hipp,[5] recently held that considering evidence of
dissimilarity at the certification stage protects against the risk
that courts will "cross[] the line from using notice as a case-
management tool to using notice as a claims-solicitation tool."
Swales v. KLLM Transp. Servs., L.L.C., 985 F.3d 430, 441-42 (5th
Cir. 2021).

Accordingly, the weight of authority persuades the Court that
a more exacting standard should be applied to Plaintiffs' motion.
See Hilley v. Tacala, L.L.C., No. 2:12-CV-2691-SLB, 2014 WL
1246364, at *2 (N.D. Ala. Mar. 24, 2014) ("This court takes
seriously its 'responsibility to avoid the "stirring up" of
litigation through unwarranted solicitation.' " (citing Brooks v.

---

[5] Hipp, 252 F.3d at 1218 (citing Mooney v. Aramco Servs. Co., 54
F.3d 1207 (5th Cir. 1995)).

BellSouth Telecomms., Inc., 164 F.R.D. 561, 567 (N.D. Ala. 1995))). Although it need not define the exact level of scrutiny to apply to Plaintiffs' motion, it is sufficient to say that the Court will consider evidence Atlas submitted in response to Plaintiffs' motion, and Plaintiffs will not be permitted to rely solely on the allegations in their complaint and their affidavits. Ide, 32 F. Supp. 3d at 1292. With this in mind, the Court will now analyze whether certification of a collective action is warranted in this case.

C. WHETHER PUTATIVE CLASS MEMBERS ARE SIMILARLY SITUATED

As stated previously, before the Court can authorize sending notice to prospective class members, it must be satisfied that the class is comprised of employees that are "similarly situated" within the meaning of § 216(b). Morgan, 551 F.3d at 1259. The Eleventh Circuit has yet to provide an exact definition for this term. Id. at 1259-60. However, factors that a Court may consider are the "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations[.]" Id. at 1261 (quotation omitted). "When a court undertakes the so-called similarly-situated inquiry, common job titles and descriptions between [p]laintiffs and the putative class members 'alone cannot be the basis for conditional certification.' " Walker v. Jefferson

14

Cnty. Bd. Of Educ., No. 2:13-CV-524-RDP, 2016 WL 1117643, at *3 (N.D. Ala. Mar. 22, 2016) (citing Pickering, 2012 WL 314691, at *12). Ultimately, it is a fact specific inquiry through which courts must determine whether plaintiffs have "demonstrate[d] a 'reasonable basis for their claim of class wide discrimination.' " Mauldin v. Johnny Kynard Logging, Inc., No. 08-0307-KD-C, 2009 WL 455479, at *2 (S.D. Ala. Feb. 2009) (citation omitted); see also Hill v. Muscogee Cnty. Sch. Dist., No. 4:03-CV-60 (CDL), 2005 WL 3526669, at *3 (M.D. Ga. Dec. 20, 2005) ("At the core of the 'similarly situated' inquiry is the question whether the issues in the case can be adjudicated collectively.").

Atlas contends that Plaintiffs' putative class is not similarly situated because the deposition testimony of the Named Plaintiffs shows that FLSA liability cannot be established on a "class-wide" basis. (Doc. 43 at 30.) Specifically, Atlas highlights that Representative Plaintiff Green and the Named Plaintiffs differ in "(1) whether they missed meal breaks at all; (2) the frequency and time period of missed meal breaks; (3) the reasons for being unable to take meal breaks; (4) whether and how they reported missed meal breaks; (5) whether they were paid for their reported, missed meal breaks; and (6) their job duties, shifts, departments, and supervisors." (Id. at 27.) In response, Plaintiffs argue that it is inappropriate for the Court to inquire into the merits of its FLSA claims at the class certification

15

stage. (Id. 5-6.) Further, Plaintiffs contend that the evidence does show that Atlas employed a class-wide policy of automatically deducting meal periods which violated the FLSA. (Id. at 7.)

Before resolving this issue, the Court must define the FLSA violation that was alleged to have occurred in this case. Plaintiffs contend that Atlas failed to pay its employees the full amount of overtime wages to which they were entitled. (Doc. 1 at 7-8.) Despite Plaintiffs' attempt to paint Atlas's automatic deduction policy as illegal in and of itself, "[a] policy of automatic meal deductions does not per se violate the FLSA." Ledbetter v. Pruitt Corp., No. 5:05-CV-329, 2007 WL 496451, at *4 (M.D. Ga. Feb. 12, 2007) (citation omitted); see also White v. Baptist Mem'l Health Care Corp., 699 F.3d 869, 873 (6th Cir. 2012) ("An automatic meal deduction system is lawful under the FLSA."). Atlas only violated the FLSA's overtime provisions if (1) its employees worked overtime hours during these lunch breaks without compensation **and** (2) Atlas knew or should have known of the uncompensated overtime work. Willoughby v. Youth Villages, Inc., 113 F. Supp. 3d 1265, 1273-74 (N.D. Ga. 2015). What is relevant to determine similarity at this stage is, therefore, "the type of evidence that the parties will present on whether [Atlas] knew or had reason to believe that employees were working overtime hours without pay." Id. at 1274. "Whether the employer has such 'constructive knowledge' of employee's overtime is often a fact-

intensive question—which is not conducive to a collective determination." Id.

Sifting through the testimony of the Named Plaintiffs, the Court finds numerous disparities between the claims of the putative class members. Chiquita Brown testified that every time she missed a meal beak, she reported it to someone named Michelle or Mellissa, and Atlas paid her for the extra-time worked. (Doc. 42, Attach. 1 at 10.) Bernita Green testified that her supervisors knew she was missing meal breaks and that she was only paid for missing meal breaks on one of the two occasions that she reported it. (Doc. 42, Attach. 2 at 22-23.) Marsha Grant testified that she was told to file a written form reporting her missed meal breaks but that she never did so because she was unable to find the form. (Doc. 42, Attach. 3 at 9-10.) Kiara Hartwell testified that on four occasions she verbally reported that she missed meal breaks and was not paid but agreed there were occasions where her paycheck was fixed.[6] (Doc. 42, Attach. 4 at 8-9.) Brittany Nicole Mitchell testified that she "casually" complained to supervisors that she was occasionally missing breaks but stated that she never explicitly reported a missed break or informed a supervisor that she was not compensated for overtime worked. (Doc. 42, Attach. 5 at 10-11.)

---

[6] Kiara Hartwell also testified that her declaration (Doc. 23, Attach. 3), filed by Plaintiffs in support of certification, is incorrectly states that she notified her supervisors in writing about missed meal breaks. (Doc. 42, Attach. 4 at 12.)

Tawanya Richards testified that she never used the written exception form provided by Atlas but that she informed her supervisor "probably about six or seven times" of missed meal breaks for which she was not paid. (Doc. 42, Attach. 6 at 10.) Finally, Tameka Sibert testified to problems finding written exception forms but that every time she told the company there was a problem with her paycheck, the problem was fixed.[7] (Doc. 42, Attach. 7 at 12-13, 24.)

The only apparent consistency in the Named Plaintiffs' testimony is that they all testify to having worked through a meal break on at least one occasion during their employment with Atlas. However, their testimony differs vastly on whether they spoke to a supervisor about missing breaks; the supervisor to whom they spoke; whether they filed a written time-exception form if instructed by a supervisor; and whether their supervisor corrected their paycheck to reflect the overtime worked. These variations in evidence would require the Court to make unique liability determinations for each individual plaintiff regarding whether

---

[7] In their reply brief, Plaintiffs state that Atlas's records show Sibert was not paid for missed breaks despite submitting a time change form. (Doc. 46 at 8.) However, comparing Sibert's requested time exceptions to her pay records, it appears that on some occasions Sibert filed a time exception form to correct missed breaks and on other occasions filed the form to correct problems with "clocking-in." (Doc. 49 at 9-11.) In either instance, it appears that Atlas appropriately corrected Sibert's time in accordance with her exception form.

Atlas knew or should have known that the individual plaintiff was not compensated for overtime work. See Willoughby, 113 F. Supp. 3d at 1276 (granting motion to decertify where automatic meal deduction policy "impacted employees in different ways depending on whether they had the opportunity to take breaks and whether they asked for corrections").

Based on these distinctions the Court finds that it will be impossible for Plaintiffs to establish liability on a class-wide basis, which is a requirement to maintain, and in this case institute, a collective action. See Briggins v. Elwood TRI, Inc., 882 F. Supp. 2d 1256, 1267 (N.D. Ala. 2012) ("For the plaintiffs to show they are similarly situated, however, they must show liability on a class-wide basis." (citations omitted)); Rindfleish v. Gentiva Health Servs., Inc., 22 F. Supp. 3d 1295, 1303 (N.D. Ga. 2014) ("Specifically, as a general rule, a group of opt-in plaintiffs cannot be similarly situated for purposes of a collective action when individual determinations regarding liability must be made." (citing Reich v. Homier Distrib. Co., 362 F. Supp. 2d 1009, 1013-14 (N.D. Ind. Mar. 22, 2005))). Moreover, some of the Named Plaintiffs appear to have been fully compensated for all of their missed meal breaks, meaning they may not have suffered from an FLSA violation at all.[8] See Rindfleisch, 22 F.

---

[8] Plaintiffs aver that the Court cannot venture into the merits of their claim at either stage of the class certification process.

Supp. 3d at 1303 ("[T]he Court cannot envision a more pertinent disparate factual setting, . . . than the fact that some members of the group do not actually have a viable claim in the action at issue."). Additionally, the claims in this case will each require such an individualized analysis regarding any overtime compensation violation that may have occurred that the Court concludes a collective action would not promote judicial economy, a primary justification for class certification under § 216(b) of the FLSA. See Ledbetter, 2007 WL 496451, at *5 ("Such an individualized analysis runs directly counter to 'the economy of scale' envisioned by collective treatment of similarly situated employees under § 216(b) of the FLSA." (citation omitted)). In sum, because the Court does not find that the putative class in this case is comprised of similarly situated individuals, Plaintiffs' motion for conditional certification and issuance of court-approved notice (Doc. 23) is **DENIED**.

Because the Court is denying conditional certification, it is also appropriate to dismiss without prejudice the claims of the Named Plaintiffs who previously consented to join this action. Mickles, 887 F.3d at 1280 ("Generally, when conditional

---

(Doc. 46 at 6 (citing Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218, 1240-42 (S.D. Ala. 2008).) The Court notes that it is not making any determination as to the merits of Plaintiffs' claims. Rather, the Court is simply highlighting the many individual determinations that would be required to judge each of the Named Plaintiff's claims.

certification of a collective action is denied, existing opt-in plaintiffs are dismissed from the lawsuit without prejudice and the matter proceeds on the named plaintiff's individual claims.") Accordingly, Chiquita Brown, Marsha Grant, Kiara Hartwell, Brittany Mitchell, Tameka Sibert, and Tawanya Richards are **DISMISSED WITHOUT PREJUDICE** from this action.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion for conditional certification of a collective action and issuance of court-approved notice (Doc. 23) is **DENIED.** Atlas's request for oral argument (Doc. 48) is also **DENIED.** Additionally, Chiquita Brown, Marsha Grant, Kiara Hartwell, Brittany Mitchell, Tameka Sibert, and Tawanya Richards are **DISMISSED WITHOUT PREJUDICE** from this action. Only Representative Plaintiff Bernita Green's individual claims remain pending. The Court reminds the parties that, in accordance with the Magistrate Judge's November 17, 2021, order (Doc. 27 at 2), the parties must submit a new proposed scheduling order within fifteen days of the date of this Order.

SO ORDERED this **6**th day of June 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA